UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| PERFORMANCE CONTRACTORS | : | CIVIL ACTION NO. 3:11-cv-00485 |
|---|---|---|
| | : | |
| VERSUS | : | JUDGE: JAMES J. BRADY |
| | : | |
| GREAT PLAINS STAINLESS, INC. | : | MAGISTRATE: DOCIA L. DALBY |

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES AND REQUESTS FOR ADMISSIONS

MAY IT PLEASE THE COURT:

GREAT PLAINS STAINLESS, INC. ("Great Plains") files this memorandum in support of its motion for leave of Court to serve interrogatories in excess of the interrogatory limitation found in Federal Rule of Civil Procedure Rule 33 and request for admissions limitation found in Local Rule 36.2. This suit involves complex questions of Louisiana law in the realm of products liability and redhibition law. Additional interrogatories and requests for admissions are necessary to address the complex factual and legal scenario presented in this case and to establish undisputed issues of fact and law.

Plaintiff filed suit against Great Plains as the apparent manufacturer of pipe and fittings that were to be installed into the Plaquemine VCM Plant in Iberville, Louisiana. As part of its construction contract, Performance ordered pipe and fittings from Louisiana Chemical Pipe and Valve Fitting, Inc ("Louisiana Chemical"). Louisiana Chemical, in turn, ordered pipe and fittings from a number of suppliers, to include Great Plains.

Great Plains crafted interrogatories and requests for admissions to address the

multitude of specific factual and legal issues that are presented in this case to include:[1]

1. The scope of Performance's work at the Shintech Project;

2. Performance's ordering of the pipe and fittings that are the subject of this suit from Louisiana Chemical;

3. Louisiana Chemical's ordering of the pipe and fittings that are the subject of this suit from Great Plains;

4. Performance's knowledge of the pipe and fittings industry and, specifically, its knowledge of Great Plains and the products that it sells;

5. Performance's receipt, storage and installation of the subject pipe and fittings;

6. Performance's testing of the products and independent verification that products supplied by Great Plains were allegedly defective;

7. Performance's claim that the products were unfit for their alleged particular use;

8. Performance's claim that Great Plains is the apparent manufacturer of the subject pipe and fittings under Louisiana law;

9. Performance's claim that the failure of Great Plains product was the cause of its delay damages.

Great Plains prays for an order granting it leave to serve the interrogatories and requests for admissions that are in excess of the limitation found in the federal and local

---

[1] See, Great Plains' First and Second Sets of Interrogatories, Requests for Production of Documents and Requests for Admissions, attached hereto as Exhibit A.

rules.

        Respectfully submitted,

        **KEOGH, COX & WILSON, LTD.**
        701 Main Street (70802)
        Post Office Box 1151
        Baton Rouge, Louisiana  70821
        Telephone:  (225) 383-3796
        Facsimile: (225) 343-9612

BY:   S/John P. Wolff, III
        John P. Wolff, III, Bar #14504 jwolff@kcwlaw.com
        Mary Anne Wolf, Bar #26556 mwolf@kcwlaw.com
        Martin E. Golden, Bar #14295 mgolden@kcwlaw.com
        Virginia J. McLin, Bar #31257 jmclin@kcwlaw.com
        Jaime A. Polozola, Bar #33318 jpolozola@kcwlaw.com
        ***Attorneys for Great Plains Stainless, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this **5th day of March, 2012**, a copy of the foregoing Memorandum in Support of Motion for Leave was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system to the following persons:

    Murphy J. Foster, III, Esq.- murphy.foster@bswllp.com

I also certify that there are no known manual recipients.

        S/John P. Wolff, III
        JOHN P. WOLFF, III
        VIRGINIA J. MCLIN