UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PERFORMANCE CONTRACTORS | CIVIL ACTION |
| VERSUS | |
| GREAT PLAINS STAINLESS, INC. | NO. 11-485-JJB-CN |

## RULING & ORDER

This matter is before the Court on the Motion for Leave to Serve Additional Interrogatories and Requests for Admissions (R. Doc. 17) filed by defendant, Great Plains Stainless, Inc. ("Great Plains"). Plaintiff, Performance Contractors ("Performance"), has filed an opposition (R. Doc. 24) to such motion.

Pursuant to Fed. R. Civ. P. 33(a)(1), unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than twenty-five (25) written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Fed. R. Civ. P. 26(b)(2). Thus, the principles set forth in Rule 26(b)(2)(C) govern the Court's decision whether to grant a party's request to serve additional interrogatories. *New River Dry Dock, Inc. v. Falls at Marina Bay, L.P.*, 2008 WL 2620727, at *5 (S.D.Fla. 2008). Rule 26(b)(2)(C) states that discovery should be limited by the Court if it is determined that the requested discovery is unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain the information sought, or the burden or expense outweighs the likely benefit. *Id.*, citing Fed. R. Civ. P. 26(b)(2)(C)(i),(ii),(iii). To propound more than twenty-five (25) interrogatories, the party seeking leave must set forth a "particularized showing of need."

1

*Id.*

Furthermore, pursuant to Local Rule 36.2, no party shall serve upon any other party more than twenty-five (25) requests for admission in the aggregate without leave of court, and each sub-part of a request for admission shall count as an additional request for admission. Any party desiring to serve additional requests for admission shall file a written motion setting forth the proposed additional requests for admission and the reasons establishing "good cause" for their use. *See*, LR36.2.

In its motion seeking to serve additional interrogatories and requests for admission, Great Plains has vaguely based such request upon the contention that this suit "involves complex questions of Louisiana law in the realm of Louisiana liability and redhibition law," and that additional interrogatories and requests for admission are "necessary to address the complex factual and legal scenario presented in this case to establish undisputed issues of fact and law." Great Plains has also set forth a list of the subjects upon which it seeks to ascertain information through such additional interrogatories and requests for admission. While the undersigned finds that Great Plains' basis for seeking the additional requests is conclusory and does not necessarily demonstrate good cause and a particularized need for the additional information requested, the undersigned also finds that Performance has not specifically indicated, in its opposition, how the additional information requested is unreasonably cumulative or duplicative, that Great Plains has already had ample opportunity to obtain the information sought, and/or that the burden or expense of the additional discovery outweighs its likely benefit. The undersigned will therefore permit Great Plains to propound ten (10) additional interrogatories and ten (10) additional requests for admission, including subparts (for a total of thirty-five of each), as alternatively agreed

to by Performance in its opposition to the present motion.

Accordingly;

**IT IS ORDERED** that the Motion for Leave to Serve Additional Interrogatories and Requests for Admissions (R. Doc. 17) filed by defendant, Great Plains Stainless, Inc., is hereby **GRANTED** to the extent defendant, Great Plains Stainless, Inc., shall be permitted to propound upon plaintiff, Performance Contractors, ten (10) additional interrogatories and ten (10) additional requests for admission, including subparts (for a total of thirty-five of each).

Signed in chambers in Baton Rouge, Louisiana, March 29, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**