UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PERFORMANCE CONTRACTORS, INC.

VERSUS

GREAT PLAINS STAINLESS, INC.

CIVIL ACTION

NO. 11-485-JJB

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Great Plains Stainless, Inc. ("Great Plains") (Doc. 97). The Motion is opposed (Doc. 100), and Great Plains has filed a reply (Doc. 105). Jurisdiction is based upon Title 28 of the United States Code, Section 1332. Oral argument is unnecessary.

I. Background

This suit arises out of the construction of the Plaquemine VCM Plant ("the Project") in Iberville Parish, Louisiana. Performance Contractors, Inc. ("Performance") entered into contract with Shintech Louisiana LLC ("Shintech") calling for Performance to provide pipe fabrication and installation services for the Project. Performance claims it issued Purchase Order No. 45140011 to Louisiana Chemical Pipe Valve and Fitting, Inc. ("Louisiana Chemical") for piping and fittings for the Project. Louisiana Chemical ordered the piping and fittings from Great Plains. Great Plains supplied the fittings, and requested the fittings be inspected prior to their shipment from China to the United States. Performance asserts that the fittings failed to comply with the product specifications found on Great Plains' website, the specifications set forth in the applicable purchase order, and other applicable standards including certain ASME, ASTM, and MSS standards. Performance claims Great Plains refused to replace the fittings. Performance filed this lawsuit asserting claims for redhibition and products liability and seeking damages incurred as a result of the allegedly defective fittings provided by Great Plains. Performance

1

subsequently filed a Supplemental and Amended Complaint (Doc. 29) asserting claims as the assignee of Louisiana Chemical's rights against Great Plains for redhibition, products liability, breach of contract, and bad faith and misrepresentation.

Great Plains filed two Motions for Partial Summary Judgment (Docs. 37 and 46). This Court ruled upon these motions, denying the first Motion for Partial Summary Judgment (Doc. 37), because Great Plains failed to carry its burden for proving a limitation of liability provision barred Performance's product defect claims. This Court granted in part and denied in part the second Motion for Partial summary Judgment (Doc. 46) finding that Great Plains is not a manufacturer in regard to Performance's claims or under the "alter ego" definition of manufacturer in the LPLA, and a genuine issue of material fact exists as to Great Plains' status as a manufacturer in regard to the claims Performance brought as Louisiana Chemical's assignee.

Great Plains then filed a Motion to Reconsider (Doc. 66) the part of the second Summary Judgment ruling finding a genuine issue of material fact as to whether Great Plains is a manufacturer in regards to the claims Performance brought as Louisiana Chemical's assignee. This Court granted the Motion to Reconsider and found that Great Plains cannot be a manufacturer in regard to Performance's claims brought on behalf of Louisiana Chemical. (Doc. 94). To be clear, the result of the Court's Summary Judgment and Reconsideration rulings is that Performance's Louisiana Products Liability Act and bad faith redhibition claims based upon Great Plains' status as a manufacturer are no longer viable and will be dismissed.

II. Motion Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-

2

moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

### III. Analysis

Great Plains now brings the instant motion to dismiss Performance's bad faith redhibition claims because Great Plains is no longer deemed a manufacturer. In support of its argument, Great Plains argues that Performance has only alleged "bad faith" redhibition claims through Great Plains' actions as a manufacturer, not as a seller. Great Plains further argues that if Performance were granted leave to amend its complaint, no genuine issue of material fact exists. Great Plains argues there is no evidence that Great Plains 1) knew or should have known of any

purported "defect" in the subject products; or 2) made any material misrepresentation about the quality of the subject product that was relied upon by Performance or Louisiana Chemical at the time of purchase. (Doc. 105).

Performance argues in its opposition (Doc. 100), that the general statements regarding redhibition in the complaint are sufficient to put Great Plains on notice that it is being held liable for the bad faith redhibition claims as a seller under Federal Rule of Civil Procedure 8(a)(2). If not, Performance asks this Court leave to amend its pleadings. Performance also argues that Great Plains' Motion should be denied because there is sufficient evidence to create a genuine issue of material fact as to whether Great Plains should have known that the fittings had defects before their sale to Performance. Performance further argues there is evidence Great Plains misrepresented the products by stating they had qualities Great Plains knew or should have known the products did not have.

The Court first addresses Great Plains' argument that Performance only pled bad faith redhibition by Great Plains as a manufacturer, rather than a seller under Louisiana Civil Code article 2425. Performance asserts that Great Plains was made aware through the complaint that it would be held liable as a bad faith seller by reciting article 2425 and a "short and plain statement of the claim" under Federal Rule of Civil Procedure 8(a)(2). Performance argues that even though it proceeded under a manufacturer theory, it does not mean it is precluded from alternative theories of bad faith redhibition. Performance also argues that if Great Plains is found not to have been on notice of the claims, it should be allowed leave of this Court to amend the pleadings. (Doc. 100, p. 6-7).

This Court finds that Performance did not provide enough well-pleaded, non-conclusory facts to state a claim for bad faith redhibition as a seller that is plausible on its face. *Ashcroft v.*

4

*Iqbal*, 556 U.S. 662, 663 (2009). Performance's complaint did not contain any factual allegations indicating Great Plains knew or should have known of the defects in the fittings. However, this Court grants Performance leave to amend its pleadings, because the parties have been aware of this claim and will not be unduly prejudiced by it. *Pervasive Software Inc. v. Lexware GmbH & Co. K*, 688 F.3d 214, 232 (5th Cir. 2012) (stating leave to amend is entrusted to the sound discretion of the district court).

Since the parties have been aware of the bad faith seller redhibition claim and have briefed it for the Court on Summary Judgment, and since the Court is allowing Performance leave to amend, the Court will address the merits of the parties' Summary Judgment motions now. Great Plains argues no evidence exists that it knew or should have known of the defects in the fittings prior to their sale to Performance. Great Plains argues that the third party did not perform a ferrite level test because it was not required by the applicable industry standard, or by Performance, and Great Plains did not handle the majority of the products as only about 20% were from Great Plains' own warehouse. (Doc. 97-1, p. 9). It argues Performance solely requested that the fittings comply with the ASTM A815 standard, which did not require a certain ferrite level. (Doc. 105, p. 5).

Performance argues in its opposition that because Great Plains was aware of the negative perception of Chinese manufactured products and ordered third party inspections and tests of the products, it should have been aware of the defects prior to the sale. (Doc. 100, p. 11).

Under Louisiana redhibition law, a "bad faith seller" is a seller who "knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have." La. Civil Code 2545. Knowledge of a defect includes if a seller

5

should have known of the defect and failed to declare it to the buyer. *Reilly v. Gene Ducote Volkswagen, Inc.,* 549 So.2d 428, 434 (La. Ct. App. 1989).

The Court finds that a genuine issue of fact exists as to whether Great Plains should have known of the defects, since it ordered a third party test to review the quality of the fittings, and because it knew Chinese products might not be of the highest quality. This evidence could lead a reasonable juror to conclude Great Plains should have known of the product defects.

Since a genuine issue of fact exists as to whether Great Plains should have known of the defects, and bad faith seller redhibition will therefore be an issue for the jury, the Court need not address the parties' misrepresentation arguments.

IV. Conclusion

Accordingly, Great Plains Stainless, Inc.'s Motion for Partial Summary Judgment (Doc. 97) is **DENIED**.

**IT IS HEREBY ORDERED** that Performance Contractors Inc.'s Louisiana Products Liability Act and bad faith redhibition claims based on Great Plains' status as a manufacturer are **DISMISSED.**

**IT IS HEREBY ORDERED** that Performance Contractors Inc. is granted leave to amend its pleadings to add a bad faith redhibition claim against Great Plains Stainless, Inc. as a seller.

Signed in Baton Rouge, Louisiana, on June 6, 2012

_____
**JAMES J. BRADY, DISTRICT JUDGE**