UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PERFORMANCE CONTRACTORS, INC.

VERSUS

GREAT PLAINS STAINLESS, INC.

CIVIL ACTION

NO. 11-485-JJB

**RULING ON MOTION TO ALLOW TESTING**

This matter is before the Court on a Motion to Allow Testing (Doc. 114) by the Defendant, Great Plains Stainless, Inc. Performance Contractors, Inc. filed an opposition (Doc. 119). Great Plains filed a reply (Doc. 123) and a supplemental memorandum (Doc. 131). Performance filed a sur-reply (Doc. 132). Jurisdiction is based upon Title 28 of the United States Code, Section 1332. Oral argument is not necessary.

I.   Background

This suit arises out of the construction of the Plaquemine VCM Plant ("the Project") in Iberville Parish, Louisiana. Performance Contractors, Inc. entered into a contract with Shintech Louisiana LLC calling for Performance to provide pipe fabrication and installation services for the Project. Performance claims it issued Purchase Order No. 45140011 to Louisiana Chemical Pipe Valve and Fitting, Inc. for duplex stainless steel piping and fittings for the Project. Louisiana Chemical ordered the piping and fittings from Great Plains. The ASTM A815/A815M-09a ("A815") standard applied to the fittings. A815, among other things, requires heat treatment (annealing) and water quenching of 2205 duplex stainless steel. ASTM A815/A815M-09a, at 6.1 & table 2. A815 requires conformity with the ASTM A960/960M ("A960") standard. ASTM A815/A815M-09a, at 2.1. A815 does not impose a limit on intermetallic phases or ferrite content.

1

Performance claims the fittings supplied by Great Plains were defective. This claim at least partly arises from the finding of a cracked two inch tee fitting during hydrostatic testing. The cracked tee and other fittings were submitted to Welding Testing Laboratories ("WTL") for analysis. WTL found a low ferrite content in the tee and concluded the fitting may have been improperly annealed. Performance filed this lawsuit asserting claims for redhibition and products liability and seeking damages. Performance subsequently filed a Supplemental and Amended Complaint (Doc. 29) asserting claims as the assignee of Louisiana Chemical's rights against Great Plains for redhibition, products liability, breach of contract, and bad faith and misrepresentation. Performance has since filed a Second Supplemental and Amending Complaint (Doc. 111) to state a bad faith redhibition claim against Great Plains as a seller. All claims in this lawsuit arise under Louisiana law.

Since the filing of the instant Motion, the Court ruled on a *Daubert* motion (Doc. 69) and motion for summary judgment (Doc. 70) by Great Plains seeking to exclude at trial the evidence of the Plaintiff's experts, Gary Carinci, Ph.D., and Brian Soucy, P.E., strike their expert reports, and have summary judgment granted in its favor because Performance cannot prove the products in question are defective under the ASTM standards. The *Daubert* ruling made the following holdings: (1) Performance cannot present the NACE standard or test results to show NACE compliance was required or unsatisfied, or testify to such a conclusion; (2) to the extent Carinci's NACE test results show a ferrite content that, using the presented equation and multi-variable regression analysis, shows non-compliance with the annealing and water quench requirements of A815, these results will be allowed; (3) Performance and Carinci cannot present the ASTM A923 Method A test results to show A923 compliance was required or unsatisfied or testify to such a conclusion; (4) Carinci's ASTM A923 Method A tests and results will be allowed; (5) the

results of Carinci's ASTM A923 Method C tests and any related conclusions are excluded; (6) Carinci's E562 tests and results will not be excluded; (7) to the extent the tested fittings have walls thin enough to require Rockwell C testing, Carinci's Rockwell C test results will not be excluded; (8) Carinci's conversion of his Rockwell C test results to Brinell numbers is excluded; (9) Carinci's Brinell hardness test results are excluded; (10) to the extent Carinci's test results show higher levels of intermetallic phases or low levels of ferrite, his conclusion of improper annealing will not be excluded; (11) Soucy's testimony will not be excluded; (12) Soucy's opinion that Performance's testing was reasonable is based on relevant factors; (13) the testimony allowed by the *Daubert* ruling is not excluded under Federal Rule of Evidence 403; and (14) summary judgment is inappropriate.

## II.   Analysis

In the instant Motion, Great Plains seeks an order allowing it to conduct testing on a select sampling of the duplex stainless steel parts removed and retained by Performance. Great Plains argues it should be allowed to conduct testing if the Court's *Daubert* ruling allows the Plaintiff "to present evidence outside of its expert report at trial regarding the limit on intermetallic phase levels," because testing will have become relevant.[1]

Performance has not contended that A815 establishes a limit on ferrite content or intermetallic phases, nor has the Court allowed evidence of any limit. The evidence and testimony allowed by the *Daubert* ruling have not "become" relevant. Carinci made conclusions involving ferrite content, intermetallic phases, or microstructure multiple times during discovery. Doc. 69-3, at 168; Doc. 86-3, at 2. Performance stated at Carinci's deposition, taken October 23,

---

[1] Great Plains' briefs contain other arguments, but it concedes in its supplemental post-*Daubert* ruling memorandum that this is its only remaining argument.

2012, that Great Plains could have access to the fittings "next week." Doc. 119-2, at 2–3. Great Plains could have performed testing during the allotted discovery period. Instead, it made the strategic decision to challenge Carinci's tests and results and not to perform testing. Great Plains' expert even stated at the *Daubert* hearing held May 13, 2013 that it would be "extraordinarily redundant to do more testing." Doc. 108, at 60. Great Plains' expert report was due August 15, 2012, and expert discovery ended November 30, 2012. Doc. 10, at 2. Great Plains cannot now perform additional expert discovery because its strategy to completely exclude Carinci's tests and results failed. This is not a legitimate justification for delay in waiting to conduct tests. Performance would be prejudiced by: having to undertake additional discovery related to the testing, the potential motion practice which might follow, and further delay in the hearing of its claims on the merits. Judicial economy would also be negatively affected by the delay. Ample time was allotted for discovery and motion practice, and that time has passed.

### III.   Conclusion

Accordingly, Great Plains Stainless, Inc.'s Motion to Allow Testing (Doc. 114) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 7, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**